# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### NORTHERN DIVISION

| | | |
|---|---|---|
| JANE DOE CH<br>c/o SBWD LAW<br>300 East Lombard Street, Suite 1100<br>Baltimore, Maryland 21202 | * * * | |
| Plaintiff, | * | Case No.: 25-cv-2137 |
| v. | * | |
| JEHOVAH'S WITNESSES<br>GOVERNING BODY<br>1 Kings Drive<br>Warwick, New York 10987 | * * * | |
| and | * | |
| KINGDOM HALL OF JEHOVAH'S<br>WITNESSES<br>505 Earls Road<br>Baltimore, Maryland 21220 | * * * | |
| and | * | |
| KINGDOM HALLS, INC.<br>4002 Ridgewood Avenue<br>Baltimore, Maryland 21215 | * * | |
| and | * | |
| WATCHTOWER BIBLE AND TRACT<br>SOCIETY OF PENNSYLVANIA<br>625 Red Mills Road<br>Wallkill, New York 12589 | * * | |
| and | * | |
| WATCHTOWER BIBLE AND TRACT<br>SOCIETY OF NEW YORK, INC.<br>100 Watchtower Drive<br>Patterson, New York 12563 | * * * | |
| and | | |

| | |
|---|---|
| WATCHTOWER BIBLE AND TRACT SOCIETY OF FLORIDA, INC. 100 Watchtower Drive Patterson, New York 12563 | * * * |
| and | * |
| CHRISTIAN CONGREGATION OF JEHOVAH'S WITNESSES, INC. 675 Red Mills Road Wallkill, New York 12589 | * * * |
| Defendants. | * * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Jehovah's Witnesses Governing Body, Watchtower Bible and Tract Society of Pennsylvania, Watchtower Bible and Tract Society of New York, Inc., Watchtower Bible and Tract Society of Florida, Inc., and Christian Congregation of Jehovah's Witnesses, Inc. ("Removing Defendants") hereby remove the action entitled *Jane Doe CH v. Jehovah's Witnesses Governing Body, et al.*, No. C-03-CV-25-002300, from the Circuit Court for Baltimore County, Maryland.

## STATEMENT OF GROUNDS FOR REMOVAL

**I.     Background**

1. On May 14, 2025, Plaintiff Jane Doe CH filed a Complaint in the Circuit Court for Baltimore County, Maryland. (*See* Exhibit A, Complaint.)

2. Plaintiff claims that, "[i]n or around 1983," when she was 14 and a member of a Jehovah's Witnesses congregation, she was sexually abused by David Shumaker, a "ministerial servant" of the congregation, at Mr. Shumaker's home. (Compl. ¶¶ 45-50.) Plaintiff brings four

2

causes of action: negligence (against Kingdom Hall of Jehovah's Witnesses), negligence (against all Defendants other than Kingdom Hall of Jehovah's Witnesses), negligent supervision, monitoring, training and retention (against all Defendants), and respondeat superior (against all Defendants). (Compl. ¶¶ 72-114.) She seeks "damages in excess of the amount of Seventy-Five Thousand Dollars." (Compl. ¶¶ 82, 94, 105, 114.)

II.     **Jurisdictional Basis for Removal**

    A.     **The Court Has Diversity Jurisdiction Over This Removed Action Pursuant to 28 U.S.C. § 1332.**

3.     Pursuant to 28 U.S.C. § 1332, the United States District Court has jurisdiction over this action because: (a) there is complete diversity between Plaintiff and Removing Defendants, (b) the two purported Maryland Defendants are corporations that either do not exist (*i.e.*, defendant "Kingdom Hall of Jehovah's Witnesses") or have dissolved (*i.e.*, defendant "Kingdom Halls, Inc."), and (c) the amount in controversy is greater than $75,000, exclusive of interest and costs.

        *i.*     ***Diversity of Citizenship***

4.     Plaintiff is a citizen of Maryland. (Compl. ¶ 8.)

5.     Defendant Jehovah's Witnesses Governing Body is an entity in New York, with its principal place of business in Tuxedo Park, New York. (Compl. ¶ 1.) Therefore, it is a citizen of New York.

6.     Defendant Watchtower Bible and Tract Society of Pennsylvania is a religious corporation organized under the laws of Pennsylvania, with its principal place of business in Wallkill, New York. (Compl. ¶ 4.) Therefore, it is a citizen of Pennsylvania and New York.

7.     Defendant Watchtower Bible and Tract Society of New York, Inc. is a religious corporation organized under the laws of New York, with its principal place of business in Patterson, New York. (Compl. ¶ 5.) Therefore, it is a citizen of New York.

8. Defendant Watchtower Bible and Tract Society of Florida, Inc. is a religious corporation organized under the laws of New York, with its principal place of business in Patterson, New York. (Compl. ¶ 6.) Therefore, it is a citizen of New York.

9. Defendant Christian Congregation of Jehovah's Witnesses, Inc. is a religious corporation organized under the laws of New York, with its principal place of business in Wallkill, New York. (Compl. ¶ 7.) Therefore, it is a citizen of New York.

10. Defendant Kingdom Hall of Jehovah's Witnesses is purportedly a "business and/or religious entity" in Maryland, (Compl. ¶ 2), but a search of the Maryland State Department of Assessments & Taxation ("SDAT") shows that in fact it is <u>not</u> a legal entity in Maryland, (*see* Exhibit B, SDAT Search for "Kingdom Hall"); (*see also* Exhibit C, Declaration of Sean Gugerty). Where a defendant "is not a legal entity with the capacity to be sued," that defendant does not destroy diversity. *Simon v. Dick's Sporting Goods, Inc.*, No. JKB-22-1238, 2022 U.S. Dist. LEXIS 202270, at *6-7 & n.4 (D. Md. Nov. 4, 2022) (collecting cases). This is true "[w]hether or not [the issue is] evaluated under the rubric of fraudulent joinder." *Id.* at *7 n.4 (quoting *Taylor v. Piggly Wiggly of Bay Minette*, No. 12-0320-W, 2012 U.S. Dist. LEXIS 115678, at *3 (S.D. Ala. Aug. 16, 2012)).

11. Defendant Kingdom Halls, Inc. is purportedly a "religious corporation organized under the laws of the State of Maryland," (Compl. ¶ 3), but in fact is corporation that dissolved in 1996, nearly 30 years ago, (*see* Exhibit D, SDAT Filing History for "Kingdom Halls, Inc."); (*see also* Exhibit C, Declaration of Sean Gugerty). Under the doctrine of fraudulent joinder, a district court may disregard the citizenship of a non-diverse defendant where "there is no possibility that the plaintiff would be able to establish a cause of action against the [non-diverse] defendant in state court." *Coppage v. United States Steel Corp.*, No. GLR-18-3823, 2019 U.S. Dist. LEXIS

4

244952, at *8-9 (D. Md. Jan. 15, 2019) (quoting *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015)); *see also Maryland v. Exxon Mobil Corp.*, 352 F. Supp. 3d 435, 468 (D. Md. 2018). And under Maryland law, a dissolved corporation that has wound up its affairs is "'a legal non-entity' that cannot sue or be sued." *Coppage*, 2019 U.S. Dist. LEXIS 244952, at *10 (quoting *Thomas v. Rowhouses, Inc.*, 206 Md. App. 72, 80 (2012)). The Court can therefore disregard the citizenship of Kingdom Halls, Inc. for jurisdictional purposes. *Id.* at *9-13.

        *ii.*    **Amount in Controversy**

12. Plaintiff alleges that her damages exceed $75,000. (Compl. ¶¶ 82, 94, 105, 114.) "Generally, a 'plaintiff's allegation that the matter in controversy exceeds the jurisdictional amount requirement is sufficient to meet the amount in controversy test, unless challenged.'" *Schaefer v. Aetna Life & Cas. Co.*, 910 F. Supp. 1095, 1097 (D. Md. 1996) (quoting 14A Wright, et al., Federal Practice and Procedure: Jurisdiction 2d § 3702 at 17).

## III. Procedural Requirements for Removal

13. Removing Defendants were served between June 4, 2025 and June 11, 2025. (*See* Exhibit E, State Court Docket.) Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1).

14. This action is being removed "to the district court of the United States for the district and division embracing the place where such action is pending" under 28 U.S.C. § 1441(a). The United States District Court for the District of Maryland, Northern Division embraces Baltimore County, Maryland. 28 U.S.C. § 100(1).

15. Removing Defendants are filing written notice of this removal with the Clerk of the Circuit Court for Baltimore County pursuant to 28 U.S.C. § 1446(d). (*See* Exhibit F, Notice of Filing of Notice of Removal.) A copy of Removing Defendants' Notice of Filing of Notice of

Removal, together with this Notice of Removal, are being served upon Plaintiff pursuant to 28 U.S.C. § 1446(d).

16. Pursuant to 28 U.S.C. § 1446(a), Removing Defendants have attached a copy of the summonses and orders in state court. (*See* Exhibit G, State Court Documents.)

17. For the same reason that the purported Maryland Defendant entities do not defeat diversity jurisdiction, their consent is not required for removal. Under the rule of unanimity, when a civil action is removed under § 1441(a), "all defendants **who have been properly joined and served** must join in or consent to the removal." 28 U.S.C. § 1446(b)(2)(A) (emphasis added).

18. A purported affidavit of service on defendant Kingdom Hall of Jehovah's Witnesses appears in the state court docket. (*See* Exhibit E). However, because Kingdom Hall of Jehovah's Witnesses is not a legal entity, it cannot be **properly** joined and served with legal process in this action. Further, because it is not a legal entity, it need not and cannot consent to removal.

19. The docket reflects that Kingdom Halls, Inc. has not been served, with an affidavit of non-service present on the docket. (*See* Exhibit E).

20. In the alternative, even assuming *arguendo* that Kingdom Hall of Jehovah's Witnesses was "properly" served, precedent in this Circuit still supports removal. "The federal courts have . . . long recognized an exception to the rule of unanimity, which states that a nominal party need not consent to removal." *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259 (4th Cir. 2013). A nominal party is "a party having no immediately apparent stake in the litigation either prior or subsequent to the act of removal." *Id.* at 260. Entities that never existed or no longer exist, including dissolved corporations, meet this test. *Maryland v. Exxon Mobil Corp.*, 352 F. Supp. at 469-70 (collecting cases); *Boothwyn Pharmacy, LLC v. Hanover Ins. Grp.*, No.

18-2364, 2019 U.S. Dist. LEXIS 245043, at *1 n.1 (E.D. Pa. Mar. 28, 2019) (citing *Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 359 n.27 (3d Cir. 2013)).

WHEREFORE, the action filed in the Circuit Court for Baltimore County, Maryland is removed to this Court, no further proceeding shall be had in the Circuit Court for Baltimore County, Maryland.

Respectfully submitted,

*/s/ Sean Gugerty*
Craig Brodsky, Bar No. 23939
csb@gdldlaw.com
Sean Gugerty, Bar No. 21125
sgugerty@gdldlaw.com
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
Phone: (410) 783-4000
Fax: (410) 783-4040
***Attorneys for Defendants Jehovah's Witnesses Governing Body, Watchtower Bible and Tract Society of Pennsylvania, Watchtower Bible and Tract Society of New York, Inc., Watchtower Bible and Tract Society of Florida, Inc., and Christian Congregation of Jehovah's Witnesses, Inc.***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of July 2025, a copy of the foregoing was sent via ECF to:

>Michael J. Belsky, Esq.
>Catherine A. Dickinson, Esq.
>Kellyn T. Wilcox, Esq.
>Schlachman, Belsky, Weiner & Davey, P.A.
>300 East Lombard Street, Suite 1100
>Baltimore, Maryland 21202

>*/s/ Sean Gugerty*
>Sean Gugerty